113 A.3d 265

IN THE MATTER OF STEVEN E. SAVAGE, AN ATTORNEY
AT LAW (ATTORNEY NO. 023702003).

April 29, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decisions in DRB 14–051, DRB 14–109, and DRB 14–338, concluding on the records certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **STEVEN E. SAVAGE,** formerly of **NEWARK,** who was admitted to the bar of this State in 2003, and who has been suspended from the practice of law since April 16, 2013, should be suspended from the practice of law for a period of six months for his unethical conduct found in DRB 14–051 and DRB 14–109, and for an additional period of six months for his unethical conduct in DRB 14–338, which conduct includes violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep a client reasonably informed about the status of a matter or to promptly comply with reasonable requests for information), *RPC* 1.5(b) (failure to provide a client with a writing setting for the basis or rate of the fee), *RPC* 1.15(a) (failure to hold property of a client in connection with a representation separate from the lawyer's own property), *RPC* 1.15(d) (recordkeeping violations), *RPC* 5.5(a)(1) (practicing law while ineligible), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities)

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof to the Office of Attorney Ethics that his attorney account records are in compliance with the recordkeeping rules;

And **STEVEN E. SAVAGE** having failed to appear on the Order directing him to show cause why he should not be disbarred or otherwise disciplined and having failed to report to the Court

whether had had refunded the $4,500 retainer in the *Santana* matter;

And the Office of Attorney Ethics having reported that respondent has failed to refund the retainer in the *Santana* matter;

And the Court having held in *In re Kivler,* 193 *N.J.* 332, 939 *A.*2d 216 (2008) that a respondent's unexcused failure to comply with an Order to Show Cause may be a basis for enhanced discipline;

And good cause appearing;

It is ORDERED that **STEVEN E. SAVAGE** is suspended from the practice of law for a period of two years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that **STEVEN E. SAVAGE** shall refund the $4,500 retainer paid in the *Santana* matter and shall not be reinstated to practice until he has done so; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics that his attorney trust account records are in compliance with the record-keeping rules; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.